# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AMERICAN CENTER FOR LAW AND JUSTICE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-3711 (SLS) |
| | ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S COMBINED OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY IN SUPPORT OF ITS OWN MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

As the Federal Bureau of Investigation (FBI) explained in its opening brief, this case concerns a Freedom of Information Act (FOIA) request for records related to its efforts to detect and oppose social media disinformation campaigns directed at the United States by foreign adversaries in the months leading up to the 2020 election. After the parties' cross-motions, all that remains in dispute is the FBI's withholding of (1) information from two short, internal email chains under the deliberative process privilege, (2) the names of Department of Justice (DOJ) staff associated with these investigations, and (3) limited information that would reveal how the FBI conducted the investigations.

All of this information has been properly withheld. Plaintiff's deliberative process argument rests on inaccurate speculation about the withheld information, as the FBI's supplemental declaration makes clear. And Plaintiff concedes that names of investigative DOJ personnel are properly withheld unless they are senior management or political officials, which the FBI's supplemental declaration establishes that they were not. Finally, Plaintiff suggests that because the public generally knows that the FBI collects information from social media, records revealing how the FBI does so (and how it analyzes the information collected) are therefore non-exempt. But "Exemption 7(E) protects the confidential details of even publicly known techniques, and it protects commonly known procedures if disclosure could reduce or nullify their effectiveness." *Electronic Frontier Found. v. DOJ*, 384 F. Supp. 3d 1, 13–14 (D.D.C. 2019) (cleaned up).

The FBI is therefore entitled to summary judgment on the propriety of the withholdings challenged here.

**ARGUMENT**

**A.**    **The challenged Exemption 5 withholdings were proper.**

Plaintiff has challenged the FBI's deliberative process withholdings from email chains dated June 2 and October 26, 2020.[1]  Cross-MSJ at 4–7.  As the FBI explained, in the withheld portions of these email chains its staff were "requesting and providing feedback, making proposals and recommendations, and working to come to a consensus on final agency decisions."  MSJ at 6 (quoting Napier Decl. ¶ 31).   This activity is predecisional and deliberative, and therefore "within the scope of the deliberative process privilege."  *Id.*

Plaintiff's principal argument to the contrary is that the FBI has misrepresented the information being withheld.  Plaintiff suggests that the two sentences withheld from the June 2 email chain describe "post-decisional acts" or consist of "factual summary."  Cross-MSJ at 7.  But that is not true, as the FBI's supplemental declaration and the reprocessed documents attached to it make clear.  The sentence partially withheld from the June 2 email sent at 1:23 PM reads "Do you want to loop in [WITHHELD]."  2d Napier Decl., Ex. C.  And the sentence partially withheld from the reply at 1:30 PM reads "I'm in coordination with [WITHHELD] to determine [WITHHELD]."  *Id.*  These sentences are not after-the-fact descriptions of earlier actions, as Plaintiff contends.  *See* MSJ at 7 (suggesting that the redaction from the 1:23 email "describes an already-taken action" and that the redaction from the 1:30 email "is a post-decisional explanation" (emphasis omitted)).  To the contrary, they show FBI personnel "attempting to reach consensus on recommendations and feedback on the notification process and associated investigative strategy of referring posts to Twitter" when the FBI concludes that those posts "possibly violate Twitter's

---

[1] Plaintiff also challenged deliberative process withholdings from an email chain dated October 28, 2020.  *See* Cross MSJ at 5–6.  Upon further consideration, the FBI has withdrawn its claim of deliberative process privilege from the relevant portions of that email chain.  2d Napier Decl. ¶ 6.

terms of service."  MSJ at 5 (quoting Napier Decl. ¶ 38).  "Discussions among agency personnel about the relative merits of various positions which may be adopted are just as a much a part of the deliberative process as the actual recommendations and advice which are agreed upon." *Public Citizen, Inc. v. U.S. Dep't of Educ.*, 388 F. Supp. 3d 29, 41 (D.D.C. 2019).

Turning to the October 26 email chain, the first sentence of the message sent at 9:29 AM reads: "Here is the open-source report regarding the [REDACTED] account associated with [REDACTED]."  2d Napier Decl., Ex. A.  The reply sent at 9:44 AM begins "Wondering if we can/should [REDACTED]," and concludes "Let me know your thoughts."  *Id.* ¶ 5 n.1 & Ex. A.  In context, it is clear that FBI personnel are deliberating about whether to take action in response to a public (i.e., "open source") report.  The identity of the report is thus "inextricably intertwined" with the FBI's deliberations over how to respond to it, and "its disclosure would inevitably reveal the government's deliberations."  *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997); *see Dudman Comms. Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987) (explaining that "the release of materials plausibly labeled 'factual' will occasionally reveal much about [the deliberative] process").  Plaintiff's argument that "names of memoranda or other records" cannot be protected by the deliberative process privilege, Cross-MSJ at 5, ignores the D.C. Circuit's instruction that "[i]n some circumstances, even material that could be characterized as 'factual' would so expose the deliberative process that it must be covered by the privilege," *Wolfe v. HHS*, 839 F.2d 768, 774 (D.C. Cir. 1988) (en banc).  And Plaintiff's speculation that "the body of the email is a statement by a third party summarized by an FBI agent," Cross-MSJ at 5, is simply incorrect.  *See* 2d Napier Decl. ¶ 4.  In sum, the FBI has established that the material withheld from these two email chains under Exemption 5 is predecisional and deliberative, or inextricably intertwined with agency deliberations.

In its opening brief and supporting declaration, the FBI also showed that it "reasonably foresees that the disclosure" of this material would harm the interests protected by Exemption 5, as required by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, § 2, 130 Stat. 538, 539. *See* MSJ at 6–7; Napier Decl. ¶ 42.  Plaintiff's only response is to suggest that the withheld phrases discussed above constitute "communications wherein the FBI dictates what the American people see or read or speak or hear about," which should not be shielded by the deliberative process privilege.   Cross-MSJ at 8.   Plaintiff appears to be invoking the so-called "government misconduct" exception to the deliberative process privilege, which the D.C. Circuit has rejected. *Rudometkin v. United States*, 140 F.4th 480, 492 (D.C. Cir. 2025) ("No Government Misconduct Exception Exists for FOIA Exemption 5.").  And in any event, the breadth of Plaintiff's argument is belied by the narrow scope of the withholdings at issue here.  "Do you want to loop in [WITHHELD]" is hardly the arrogation of power that Plaintiff suggests.  *See* 2d Napier Decl., Ex. C.  The FBI is entitled to summary judgment on the propriety of its limited withholdings from two email chains under the deliberative process privilege.

**B.      The challenged Exemption 6 and 7(C) withholdings were proper.**

Plaintiff has challenged the FBI's withholdings of the names of "Department of Justice employees who assist with 'FBI investigative activity'" from two pages of records.  MSJ at 9 (quoting Napier Decl. ¶ 52).[2]  Plaintiff speculates that one of these individuals might have been "a political appointee or a person of significance" whose privacy interests would not outweigh the public interest in disclosure.  Cross-MSJ at 11.  But they were not, as the FBI's supplemental

---

[2] As the FBI's declaration explains, the challenged withholdings were made from the pages Bates-numbered 199 and 1038, and were designated with the codes (b)(6)-5 and (b)(7)(C)-5.  Napier Decl. ¶ 52 n.18.  Plaintiff's table at the bottom of page 10 inaccurately lists pages Bates-numbered 629 through 631 and 796 as the pages in question.

declaration makes clear.  2d Napier Decl. ¶¶ 9–14.  Plaintiff seems to concede that these withholdings were therefore appropriate, Cross-MSJ at 11 n.3, as they clearly were.  *See* MSJ at 9–10.

**C.    The challenged Exemption 7(E) withholdings were proper.**

Plaintiff initially challenged four categories of information withheld under Exemption 7(E): (1) information about the techniques and procedures used to collect and analyze information in the investigations at issue here, *see* MSJ at 10–11; (2) non-public focuses of FBI counterintelligence activities, *see id.* at 11–12; (3) investigative details of the FBI's coordination with other government agencies, *id.* at 12; and (4) internal FBI emails and phone numbers, *id.* Plaintiff has now explicitly dropped that final challenge, *see* Cross-MSJ at 11 n.4, and offers no response to the FBI's argument as to the second and third categories of withholdings.  The FBI is entitled to summarize judgment on the propriety of these unchallenged withholdings, for the reasons set forth in its motion for summary judgment.

As for the information about techniques and procedures used to collect and analyze information, Plaintiff argues that because the public knows that the FBI "uses social media amongst other sources," Cross-MSJ at 12, the FBI cannot withhold information about its use and analysis of social media posts in the investigations at issue here.  But as Plaintiff itself explains, "[i]t is possible to know *of* investigative techniques without knowing *how* they work" in particular cases, *id.* at 13, which is what the FBI is withholding here.  *See* 2d Napier Decl. ¶ 16 ("While it is possible for . . . the general public to know or be aware of certain investigative techniques the FBI employs, the FBI is protecting specific, non-public details concerning investigative techniques in the context of these specific records and how it utilizes certain investigative methods . . . .").

For that reason, "Exemption 7(E) protects the confidential details of even publicly known techniques, and it protects commonly known procedures if disclosure could reduce or nullify their effectiveness." *Electronic Frontier Found. v. DOJ*, 384 F. Supp. 3d 1, 13–14 (D.D.C. 2019) (cleaned up); *see, e.g.*, *Shapiro v. DOJ*, 393 F. Supp. 3d 111, 120 (D.D.C. 2019). One court in this district upheld the withholding of "operational guidelines and procedures" used to investigate "threats against federal court employees" on the grounds that "disclosure of this information would allow the general public to determine the specific investigative guidelines and procedures applied in a specific case, such as the one at issue here, and would allow threatening individuals to circumvent the law and avoid detection." *Sussman v. U.S. Marshals Service*, 2005 WL 3213912, at * 9 (D.D.C. Oct. 13, 2005). The D.C. Circuit affirmed "on the basis of longstanding precedent that requires no further elucidation," pointing to *Blanton v. U.S. Department of Justice* for the proposition that Exemption 7(E) authorized the withholding of "confidential details of a program whose general contours were publicly known." *Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1112 (D.C. Cir. 2007) (citing *Blanton*, 64 Fed. App'x 787, 788–89 (D.C. Cir. 2003) (per curiam)). That longstanding precedent authorizes the withholdings at issue here.

Moreover, Plaintiff's speculation about what has been withheld under Exemption 7(E) is once again incorrect. Plaintiff points to an email that begins "Here's what the Facebook press person told me," Cross-MSJ at 13 (quoting ECF No. 32-3 at 4), and speculates that the FBI has withheld "a summary of a press release," *id.* In fact, as the FBI's supplemental declaration makes clear, the withheld portions of this email discuss non-public investigative details that *would not* be included in public press releases, and the conclusions that members of the public might be able to draw from the details that would be released. 2d Napier Decl. ¶ 19. Even if "a summary of a press release" would be unprotected, that is not what the FBI has withheld here.

- 7 -

The FBI's motion for summary judgment explained that "revealing the investigative techniques and procedures withheld under Exemption 7(E) would foreseeably harm the interests protected by that exemption, by risking circumvention of the law."  MSJ at 13 (quoting Napier Decl. ¶¶ 56–64).  Plaintiff responds with a flat accusation that the FBI has violated the First Amendment and is "attempting to use FOIA exemptions to cover its tracks."  Cross-MSJ at 14.  But the declarations that the FBI has submitted in defense of its withholdings are to be "accorded a presumption of good faith," and Plaintiff has presented nothing to rebut that presumption.  *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

The FBI is entitled to summary judgment on the propriety of its withholdings under Exemption 7(E).

**D.    All reasonably segregable non-exempt information has been released.**

The FBI has complied with its obligation to segregate and release non-exempt information. MSJ at 14.  Plaintiff briefly responds that "[c]ommon sense dictates that the various summaries of public statements or public social media accounts referenced" elsewhere in its brief must be segregable.  Cross-MSJ at 14.  But, as discussed above, that argument rests on Plaintiff's inaccurate speculation about the content of the information that has been withheld here.  "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," *Sussman*, 494 F.3d at 1117, and Plaintiff cannot overcome that presumption here.

**CONCLUSION**

The Court should enter summary judgment in favor of the FBI.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

Date: April 15, 2026